**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CRYSTAL BAKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | CASE NO.: 1:17-CV-09260 |
| PIVOTAL HOME SOLUTIONS, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE[1]**

Defendant PIVOTAL HOME SOLUTIONS ("Pivotal" or "Defendant"), by and through

its attorneys, and pursuant to the Court's December 30, 2020 Order (Dkt. 26), hereby submits its

response to Plaintiff Crystal Baker's Motion.

**INTRODUCTION**

This Court should deny Plaintiff's request for additional time to pursue arbitration of her

claims. First, Plaintiff is time-barred from pursuing arbitration of her claims under Defendant's

SHARE (Supporting Helpful Alternative Resolutions for Employees) Agreement. Plaintiff

failed to initiate arbitration of her claims within the time limits established by the applicable

statutes of limitations as required by the SHARE Agreement and AAA rules, and she is no

longer able to pursue those claims.

Second, Plaintiff's Motion should be denied because it is untimely under Rule 60 as it

was filed more than one year after this Court's dismissal of her case with prejudice and entry of

---

[1] Plaintiff styled her *pro se* motion as a "Motion of Continuous," which Defendant herein refers
to as Plaintiff's "Motion." (Dkt. 28).

final judgment.  Plaintiff offers no reason why she has unreasonably delayed in raising her concerns with the Court and allowing Plaintiff to initiate arbitration at this late stage would unduly prejudice Defendant.  For these reasons and as discussed more below, Plaintiff's Motion should be denied.

## **FACTUAL BACKGROUND**

On September 22, 2016, Plaintiff filed her initial charge of discrimination with the EEOC alleging discrimination and harassment by Defendant occurring between December 2015 and April 2016.  (Dkt. 1).  The EEOC issued its Dismissal and Notice of Right to Sue on September 25, 2017.  (Dkt. 1).

On December 25, 2017, Plaintiff filed her federal Complaint against Defendant alleging sex discrimination and harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et. seq.* and the Illinois Human Rights Act, 775 ILCS 5/2-102, Sec. 5/2-101(E)(3), and intentional infliction of emotional distress ("IIED") under Illinois law.  (Dkt. 1).

On April 5, 2018, the Court granted Defendant's Motion to Dismiss Plaintiff's Complaint and Compel Arbitration (Dkt. 13), finding that Plaintiff's claims were subject to a valid arbitration agreement and ordering Plaintiff to pursue her claims in arbitration.  (Dkt. 16).

Over the following year, Plaintiff did not initiate arbitration per the process outlined in the SHARE Agreement or AAA rules.  The Court ultimately ordered Plaintiff to take the necessary steps to commence arbitration no later than October 29, 2019, noting that it would otherwise dismiss her case with prejudice for want of prosecution.  (Dkt. 22).  Plaintiff failed to initiate arbitration  by the Court's deadline.  Thus, on November 14, 2019, this Court dismissed Plaintiff's case with prejudice for lack of prosecution.  (Dkt. 23-24).

## ARGUMENT

**I.    PLAINTIFF'S CLAIMS ARE TIME-BARRED UNDER THE
SHARE AGREEMENT**

Plaintiff failed to initiate arbitration of her claims within the applicable statutes of limitations under Title VII and Illinois law.  Accordingly, her claims are time-barred under the SHARE Agreement.

### A.    The SHARE Agreement Required Plaintiff to Initiate Arbitration Within the Applicable Statutes of Limitations.

The SHARE Agreement provides that arbitrations "shall be conducted pursuant to the American Arbitration Association's (AAA) then-existing rules for the resolution of employment disputes before any mutually acceptable arbitrator.  In the event of a conflict between the AAA rules and the SHARE Guidebook, the SHARE Guidebook will be controlling."  (Exhs. A-B). The AAA's Employment Arbitration Rules and Mediation Procedures provide, in relevant part, that the initiating party "shall [f]ile a written notice [] of its intention to arbitrate at any office of the AAA, *within the time limit established by the applicable statute of limitations.*"  (Exh. C, at p. 11) (emphasis added).  Likewise, The SHARE Guidebook, which sets forth the applicable rules of the SHARE program, and is incorporated into the SHARE Agreement, provides that claimants must initiate the arbitration process "within the time provided by applicable law for commencing a legal action relating to your dispute."  (Exh. B, at 9).

Accordingly, the SHARE Agreement required that Plaintiff initiate arbitration via the process set forth in the AAA rules within the applicable statutes of limitations under Title VII for her sex discrimination and harassment claims and Illinois law for her IIED claim.  Under Title VII, a plaintiff must file a lawsuit within 90 days of the dismissal of his claims by the EEOC.  42 U.S.C. § 2000(e)-5(f)(1).  Further, in Illinois, any action for IIED must be filed no later than two years after the alleged injury has occurred.  735 ILCS 5/13-202; *Atkins v. Coca Cola Enterprises,*

*Inc.*, No. 07C1038, 2007 WL 4219196, at *6 (N.D. Ill. Nov. 28, 2007) (citing *Raitner v. United Airlines, Inc.*, 1996 WL 501577 at *6 (N.D. Ill. 1996); *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003)).

### B. Plaintiff Failed to Timely Initiate Arbitration Under Title VII or Illinois Law.

Plaintiff is time-barred from pursuing arbitration of her claims at this stage. Plaintiff's deadline to initiate arbitration on her Title VII claims expired 90-days after the EEOC issued its Notice of Right to Sue, or on December 25, 2017. Likewise, the deadline to initiate arbitration of her IIED claims expired in April 2018, two years after her claims arose. Plaintiff did not initiate arbitration of her claims by either date.

To the extent the statute of limitations was tolled based on Plaintiff's filing of this federal lawsuit on December 25, 2017, her time to initiate arbitration was certainly triggered by the Court's April 5, 2018 Order compelling arbitration.[2] Indeed, by even the most generous calculation, Plaintiff was required to initiate arbitration of her Title VII claims by, at the latest, July 5, 2018 (90 days after the Court's Order) and her IIED claims by April 5, 2020 (2 years after the Court's order). Plaintiff failed to do so.

While Plaintiff alleges that her former attorney failed to take the necessary steps to pursue arbitration or prosecute her claims, courts generally hold that "simple negligence by an attorney or his staff is generally insufficient" to apply equitable tolling. *See Smith v. Nw. Mem'l Hosp.*, No. 10 C 5316, 2011 WL 5025240, at *3 (N.D. Ill. Oct. 17, 2011) (citing *Holland v.*

---

[2] Defendant denies that the applicable statutes of limitations periods were tolled by Plaintiff filing the instant lawsuit on December 25, 2017. Even had Plaintiff taken the steps outlined in the AAA rules to initiate arbitration per the Court's April 25, 2018 Order compelling arbitration, Defendant has not waived and reserves its right to raise the untimeliness of Plaintiff's claims as an affirmative defense in any subsequent arbitration of Plaintiff's claims.

*Florida*, 560 U.S. 631 (2010)).  Moreover, Plaintiff offers no explanation for why she did not promptly raise concerns about her lawyer's alleged conduct at any point from December 25, 2017 to November 14, 2019 when this matter was pending.  In addition, Plaintiff offers no explanation as to why she did not initiate arbitration before the filing the instant suit, or at any other point before retaining counsel or filing the instant Motion, even though she signed the SHARE Agreement and was on notice of its requirements

Simply put, Plaintiff is time-barred from pursuing arbitration of her claims and her Motion should be denied.

## II.     Plaintiff's Motion Should be Denied Under FRCP 60.

Plaintiff's Motion itself is untimely and should be denied under Rule 60 of the Federal Rule of Civil Procedure.  Rule 60 provides, in relevant part:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding.  On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> > (1) mistake, inadvertence, surprise, or excusable neglect;
> >
> > (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> >
> > (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> >
> > * * *
>
> (c) Timing and Effect of the Motion.
>
> > (1) *Timing.* A motion under Rule 60(b) must be made within a reasonable time—and [] *no more than a year after the entry of the judgment or order or the date of the proceeding.*

Fed. R. Civ. P. 60(b)-(c) (emphasis added).

Here, Plaintiff is well-beyond the one year deadline to request the relief sought in her Motion. The Court dismissed Plaintiff's lawsuit with prejudice and entered final judgment on November 14, 2019. (Dkt. 23-24). However, Plaintiff did not file her Motion until December 29, 2020, well beyond the one year time limit required by Rule 60. *See* FRCP 60(c)(1). Plaintiff's Motion does not show good cause or provide any justification for her failure to seek relief from the Court's final judgment within the time allowed under Rule 60.

Accordingly, Plaintiff's Motion should be denied in its entirety as untimely and no further relief from the Court's final judgment should be granted.

### III.     Allowing Plaintiff to Initiate Arbitration at this Late Stage Would Unduly Prejudice Defendant.

In addition to being untimely, Plaintiff's request for additional time to pursue arbitration at this late stage should be denied as unduly prejudicial to Defendant. Indeed, nearly five years have passed since the alleged incidents that gave rise to Plaintiff's claims. In the interim, Defendant's potential back pay liability has continued to accrue, as well as any alleged emotional distress and other compensatory non-economic damages sought by Plaintiff. (Dkt. 1). Should an arbitrator ultimately hear and rule for Plaintiff on her claims, Defendant could be liable for monetary damages and other relief that could have been avoided or minimized had Plaintiff timely initiated arbitration as required by the SHARE Agreement.

Moreover, Defendant would be unduly prejudiced by having to defend against Plaintiff's claims at arbitration without access to a number of key witnesses and other evidence as a result of Plaintiff's delay. Indeed, in June 2018, American Water Works Company, Inc. acquired PHS from Southern Company Gas, the parent company of Nicor Energy Services. Since the acquisition, a number of potential witnesses and other persons with relevant knowledge are no longer employed by Defendant or are otherwise unavailable to testify at an arbitration hearing.

Additionally, many of the relevant witnesses' recollections of events have undoubtedly diminished with the passage of time as a result of Plaintiff's delay, which would substantially prejudice Defendant in its defense of Plaintiff's claims.

Accordingly, Plaintiff's request for additional time to arbitrate her claims should be denied.

## **CONCLUSION**

For the foregoing reasons, Defendant requests that the Court enter an Order finding that Plaintiff is time-barred from pursuing arbitration and denying her Motion as untimely under Federal Rule of Civil Procedure 60.

DATED: January 22, 2021

Respectfully submitted,

PIVOTAL HOME SOLUTIONS

By  s/ *Bryan R. Bienias*
One of its Attorneys

Uma Chandrasekaran
(uchandrasekaran@seyfarth.com)
Bryan R. Bienias
(brbienias@seyfarth.com)
Seyfarth Shaw LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606-6448
(312) 460-5000
(312) 460-7000 (facsimile)

<u>**CERTIFICATE OF SERVICE**</u>

I, the undersigned, hereby certify that on this 22nd day of January, 2021, I served a true and correct copy of the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO CONTINUE** via email and electronic filing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including:

Crystal Baker
2708 Village Green Dr.
Apt. C4
Aurora IL 60504
(630)835-1596
Cbaker2526@gmail.com

Justin Koslan Schwartz
Law Office of Justin Schwartz
1723 W. Devon Ave.
#607882
Chicago, IL 60606
847-687-5477
justinschwartzlaw@gmail.com

/s/ *Bryan R. Bienias*